DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1923.

---

Danville, Urbana & Champaign Railway Company, Appellee, v. T. L. Clark Truck Company, Appellant.

### Gen. No. 7,560.

1. PUBLIC SERVICE—*jurisdiction of Commerce Commission not exclusive to prevent unauthorized service by common carrier.* The circuit court has jurisdiction to enjoin a motor bus company from operating as a common carrier of passengers on the public highways without having secured a certificate of convenience and necessity from the Commerce Commission, on complaint of a competing rail carrier which has suffered special damage from the unauthorized operations of the bus line, notwithstanding the jurisdiction vested in the commission in the control of public utilities, the remedy before the commission being incomplete.

2. PUBLIC SERVICE—*pendency of complaint before Commerce Commission not bar to injunction against unauthorized service.* A rail carrier of passengers is entitled to an injunction restraining a motor bus company from engaging in the common carriage of passengers on the public highways in competition with and to the injury of complainant without having first secured a certificate of public convenience and necessity from the Commerce Commission, notwithstanding the pendency before the Commission of an application for such certificate by the bus company and a complaint by the rail carrier against the unauthorized service.

(339)

D., U. & C. Ry. Co. v. T. L. Clark Truck Co., 231 Ill. App. 339.

Appeal by defendant from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed July 10, 1923.

BROWN, HAY & STEPHENS and WILBUR R. WICKS, for appellant.

ACTON, ACTON & SNYDER, for appellee.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

This is an appeal from a decree entered by the circuit court of Vermilion county enjoining the T. L. Clark Truck Company from the operation of a line of motor busses paralleling the railroad line of the Danville, Urbana & Champaign Railway Company.

The appellee, the Danville, Urbana & Champaign Railway Company, has for over twenty years last past operated an interurban railroad from Danville south through Westville and Georgetown to Ridgefarm in Vermilion county, Illinois.

T. L. Clark, president and principal owner of T. L. Clark Truck Company, appellant, for a number of years last past operated freight motor trucks between Hoopeston and Georgetown and intermediate points, including Danville and Westville. During the spring of 1921 he increased his motor business by putting on passenger busses, and upon passage of the Act of June 29, 1921, he caused the T. L. Clark Truck Company to be incorporated and filed an application for convenience and necessity under said act to operate freight trucks and passenger busses between Hoopeston and Georgetown and intermediate points, including Danville and Westville, and between Georgetown and Bunsenville.

The application was filed with the Illinois Commerce Commission, the appellee given due notice of the same and it filed its written objections to granting the certificate of convenience and necessity. Hearings

were held before the commission in Danville on September 30, 1921, and December 16, 1921, at which the interurban company appeared by counsel and introduced testimony of witnesses to maintain their objections to the granting of the petition. On January 24, 1922, the interurban company appeared by its counsel before the Commerce Commission and orally argued their objections. On February 23, 1922, it filed a motion to consolidate the case with a petition pending before the commission on behalf of the United Motors Bus Line Corporation, and at the time this cause of action was instituted the said cause was pending before the Illinois Commerce Commission. On September 21, 1922, appellee filed its bill for injunction herein in the circuit court of Vermilion county.

The facts alleged in the bill of complaint are in substance as follows:

1. That the appellant for about one year had been operating unlawfully, and without a certificate of convenience and necessity from the Illinois Commerce Commission, a line of motor busses on regular schedule and over a regular route on a Vermilion county hard road paralleling the interurban line of the appellee from Georgetown to Danville in said county, and that the appellant was operating said business as a common carrier for hire and as a public utility, and held itself out by advertisement to carry any and all persons desiring such transportation for hire, and that it had not in any way complied with section 55 of an act concerning public utilities in this State. [Cahill's Ill. St. ch. 111a, ¶ 71.]

2. That the appellee for more than twenty years had been operating between said towns an interurban railroad for carrying passengers for hire, and had filed its schedule of rates, and in all things complied with the act concerning public utilities, and that the business of the appellant was in direct competition with the business of the appellee and to its special

damage, prejudice and financial loss, and that the operation of the appellant was in violation of the laws of this State, and was unlawful and without any authority from the Illinois Commerce Commission.

The bill prayed for an injunction under the general chancery powers of the court, enjoining the appellant from the unlawful operation which was to the prejudice of the appellee, unless and until appellant obtained a certificate of convenience and necessity from the Illinois Commerce Commission.

The answer of the appellant admitted all the material allegations of fact in the bill of complaint, and further averred that the appellant had filed an application before the Illinois Commerce Commission for a certificate of convenience and necessity and that the matter had been pending for over a year before said commission, and that the appellee had appeared before the commission and objected to the granting of the certificate, and that said petition was still pending before the commission; and further averred that after the filing of this bill for injunction which was filed on September 21, 1922, that the appellee had filed a complaint on October 3, 1922, with the Illinois Commerce Commission against the appellant.

Appellant further averred that by reason of the complainant appearing before the commission and objecting the certificate of convenience and necessity and in filing its complaint before the commission, that the complainant had full and adequate remedy before the commission, and that the circuit court did not have jurisdiction. The matter was heard on bill, answer and replication, and a decree entered in this case on November 8, 1922, enjoining the appellant unless and until the Illinois Commerce Commission should grant a certificate of necessity and convenience.

The only questions in this case are whether the circuit court has the jurisdiction to issue an injunction under the law of this State, where it is claimed the

legislature had provided ample and adequate remedy through a Commerce Commission, and whether a complaining utility company, having appeared before the Commerce Commission, can go into the circuit court and have an injunction issued.

Appellant had not obtained a certificate of necessity and convenience, as required by law, but was operating in violation of law. In *Springfield Gas & Electric Co. v. City of Springfield,* 292 Ill. 236, the court said in a case involving a construction of the Public Utilities Act: "We are disposed to agree with the proposition of appellant that a private corporation lawfully operating a public utility may have an injunction against another private corporation, operating without authority of law, a similar utility which competes with and injures the former's business." This would seem to dispose of the first contention.

It is undoubtedly true that when two tribunals have concurrent jurisdiction the one which first acquired jurisdiction will retain it to the exclusion of the other, if the one first obtaining jurisdiction furnishes a complete and adequate remedy in the premises. The Commerce Commission is not a court and appellant being engaged in operating without a certificate of necessity and convenience, the Commerce Commission had no power by order or process to furnish appellee with a complete and adequate remedy. When a legal remedy is available, equity will take jurisdiction if its remedy is more direct to the point and will avoid circuity of action. Trainor's Equity 16.

The only method by which the Commerce Commission could enforce any order which it might make in the premises would be to file a bill for an injunction praying for the identical relief sought in the present bill, and as the right to pray for an injunction is not limited to the Commerce Commission, we see no good reason why appellee should be compelled to await the action of the Commerce Commission before resorting

to a court of chancery even though it did appear before the Commerce Commission.

The decree of the circuit court is affirmed.

*Affirmed.*