## FRANK V. NEWELL *et al.*

*v.*

## CHRISTENA SASS.

*Filed at Ottawa May 12, 1892.*

1. INJUNCTION—*granted to prevent the completion of a threatened injury which has been begun.* The fact that a defendant has taken some steps in creating an obstruction of an alley appurtenant to the complainant's premises, and for fencing up such alley which complainant has the right to use, and threatens to complete such obstruction at the time of the filing of a bill to enjoin such acts, will not prevent the relief sought. In such case the court may properly enjoin the completion of the acts commenced.

2. SAME—*to prevent nuisance to a private easement—when granted.* It seems that a court of equity will only interfere to prevent a threat-

ened nuisance to a private easement when the injury will be irreparable, when the complainant's right is clear, and when proof of the facts upon which the complainant's right rests is of the most convincing character.

3. SAME—*"irreparable injury" defined.* The term "irreparable injury," as used in the law of injunctions, does not necessarily mean that the injury is beyond the possibility of compensation in damages, nor that it must be very great; and the fact that no actual damages can be proved, so that in an action at law the jury can award nominal damages only, often furnishes the very best reason why a court of equity should interfere in a case where the nuisance is a continuing one.

4. Where the owner of an entire estate has so arranged and platted the same into different parts, as, lots and alleys or ways, that one portion of the estate derives a benefit and advantage from the other parts, of a permanent, open and visible character, and he sells a portion of the property, the purchaser will take the part sold with all the benefits and burdens which so appear at the time of the sale to belong to it. It is not necessary, in such case, that the easement claimed by the grantee must be really necessary for the enjoyment of the estate granted. It is sufficient if it is highly convenient and beneficial thereto.

5. So where the owner of a block of land subdivided and platted the same into lots and streets and alleys, of benefit and convenience to lot owners, and sells lots which are designated on the plat thereof, the several grantees will have an easement in the streets and alleys shown on the plat, which a court of equity will protect for their benefit, although the public authorities may not have accepted the dedication of the streets and alleys.

6. APPEAL—*what matters subject to review.* On appeal from the Appellate Court this court can not consider a cross-error when it was not assigned in the former court. This court can only review the rulings of the Appellate Court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Christena Sass filed her bill in equity in the Superior Court of Cook county, wherein she alleged that she is the owner of lots 9 and 10, in block 1, in Hamilton's subdivision of the east $501\frac{62}{100}$ feet of the north 1622 feet in the north half of the east half of the north-west quarter of section 18, town 39 north, range 14; that she has buildings thereon, and occupies the same as a residence; that Frank V. Newell is the owner

of and in possession of lots 11 and 12 in the same subdivision, and that his lots are adjacent to complainant's, and are situated on the north side of Monroe street, in the city of Chicago, between Hoyne avenue and Leavitt street; that on July 14, 1862, the subdivision was owned by the aforesaid heirs of Richard J. Hamilton, deceased, and they, together with Priscilla P., the widow of said Hamilton, executed the subdivision and recorded a map thereof in Cook county, a part of which map, including said lots 9, 10 and 12, with the streets, alleys and measurements, is hereby shown, as follows:

That south of the said lots there is a street sixteen feet in width, extending east and west, and south of and adjoining

said street is a private park sixteen feet in width, also extending east and west the full width of said subdivision, and adjoining said lot 12; that north of said last named lots there is a private alley twenty feet in width, and on the west side of said subdivision, and adjoining said lot 12, there is a private alley seven and one-half feet wide, running from the west (south) side of said twenty foot alley south to Monroe street; that the sidewalk on the south side of said block 1 is of the width of eight feet, and the seven and one-half foot private alley is the only means of egress and ingress from Monroe street, and is the shortest and traveled route for vehicles to the barn of your orator and the said twenty foot private alley; that said private alley was laid out by the aforesaid owners of said subdivision for the use and benefit of complainant, and of each and every owner of lots, or parts thereof, in block 1; that the said seven and one-half foot alley has been used and passed over by the owners and occupants of said block 1 for more than twenty-five years last past, and your oratrix claims that she has the right to pass in and upon said last named alley in going to and coming from the rear of the said lot 10; that she has a large barn erected in the rear of her premises, and that the barn is used for stabling horses, storing hay, wagons and other vehicles; that the south ends of said lots 9 and 10 are occupied each by a building nearly the width of each lot, and that the only way to reach said barn with horses, wagons, etc., is through said private seven and one-half foot alley north of Monroe street to said twenty foot private alley, and thence east to said barn; that said Newell is now constructing a large building on said lot 12, and along the west line thereof, and that he is now constructing a projection, commonly called a "bay window," on the west side of said lot, which extends three feet upon and over said seven and one-half foot alley; that from the west end of said bay window to the west line of said seven and one-half foot alley is only about four and one-half feet, and that if said bay window is erected

it will be impossible to pass along said alley with any wagon or other vehicle over six feet high, and that irreparable injury will accrue to your oratrix, and reduce the value of her said premises, etc.; that defendant Sprague is an architect, and has part charge of the construction of said building. In consideration whereof, oratrix prays that said Newell and Sprague, and each of them, and their agents, may be restrained, by injunction, from constructing or building said bay window, and that upon final hearing thereof the same may be perpetual, and that they may be ordered to remove any and all obstructions to the full use of said alley.

The parties were properly summoned, and Newell answered that he admits that he is the owner of said lots 11 and 12, and admits there was a plat of said subdivision recorded at the time set forth in the bill, but denies that the same is correctly set forth; that he is informed and believes that the portion of said plat described as the seven and one-half feet west of and adjoining said lot 12 was never properly accepted by the city of Chicago or by the public, and that the same has never been legally established as a private alley for the use of complainant or the owners of said lots 9 and 10, and denies that said seven and one-half feet were ever intended for a private or carriage way; that the defendant has erected good and substantial dwellings on said lots 11 and 12, extending to the line of said lot 12, and that the use of said seven and one-half foot alley by the public or other owners of said block as a carriage or other way would seriously injure him in the enjoyment of said property; that defendant is informed and believes that if said original plat was produced it would show no intended dedication of the strip as a private alley; denies that said seven and one-half foot alley is the only means of ingress and egress from Monroe street to the premises of said complainant, and avers that she has ingress and egress by means of a private alley twenty feet wide to the west line of said subdivision, being only fifty-two feet from complainant's

premises, and thence by a public alley to Leavitt street, being about one hundred feet long, and thence to Monroe street, about one hundred feet long, which is far more convenient for complainant's use than the said strip, being much wider and more convenient than the other means; that complainant has also convenient means of ingress and egress to Monroe street, on the east, by means of an alley, well traveled, from Monroe street to said twenty foot alley in the rear of complainant's lots; admits that at the time of filing this bill and issuing of the injunction he had partly constructed a bay window on the house which he was building on said lot 12, and that by means of said injunction, and in obedience to its mandate, he has taken down said bay window, and has been put to great expense and damages, and prays that upon the final hearing hereof decree may be entered dissolving said injunction, and that complainant may be decreed to pay said damages.

A petition was presented to the court for leave to file a supplemental bill, which recites the filing of the original bill, the issuance of the injunction and service upon the defendants; states that the defendant Newell appeared and answered said bill, and replication was filed; that before any other proceedings were had, defendants, or some one for them, "have made an excavation about three feet in width and two or three feet deep in the east side of said private alley," and that defendants are about to fence said private alley and deprive complainant of the use thereof. Leave was given to file the supplemental bill, which was accordingly done.

Defendants answered the supplemental bill, and say they adopt so much of their answer to the original bill of complaint as may be applicable to the supplemental bill. They say that the facts as to the removal of the said bay window are fully set forth in the answer to the original bill; that at the time of filing the supplemental bill aforesaid, these defendants had entirely completed any and all work in and about the dwellings adjoining the so-called private alley, and had entirely

completed and finished any and all work in and about the alley aforesaid. Further answering, defendants deny that they have any intention of depriving complainant of any of her legal rights, if any she has, respecting said lot, and deny that the obstructing or closing of said alley, if such action has been or shall be taken, has in any way injured or wronged complainant, but, on the contrary, if such action has been or shall be taken it would be of more benefit than damage to complainant; deny the right of complainant to an injunction, and allege and aver that all and every the matters in said supplemental bill are matters that may be tried and determined at law, and should have been tried and determined and the legal rights of the parties settled, and with respect to which complainant is not entitled to relief in a court of equity. They ask that they shall have the same benefit of said answer as if they had demurred to complainant's bill.

On final hearing the Superior Court decreed as follows:

"The court finds that the material allegations of the bills, original and supplemental, are true; that the complainant, Christena Sass, is the owner of and in possession of lots 9 and 10, block 1, in Priscilla P. Hamilton *et al.* subdivision of east $501\frac{62}{100}$ feet, etc., in the N. $\frac{1}{2}$, E. $\frac{1}{2}$, N. W. $\frac{1}{4}$, S. 18, T. 39 N., R. 14; that she occupies said premises as a residence, and that Frank V. Newell is the owner of and in possession of lots 11 and 12, in the subdivision above described, which are adjacent to complainant's property, and are situate on the north side of Monroe street, between Hoyne avenue and Leavitt street, in the city of Chicago; that on July 16, 1862, and for one year prior to that date, the said $501\frac{62}{100}$ feet was owned by Henry E. Hamilton, Richard N. Hamilton, Ellen Keenan, Diana B. Blackburn and Sarah A. Mitchell, heirs of Richard J. Hamilton, deceased, and that said heirs, together with Priscilla P. Hamilton, widow of said Richard J. Hamilton, duly executed a subdivision and recorded a map thereof, part of which map, including said lots 9, 10, 11 and 12, with

the streets and alleys and measurements, shows a private alley seven and one-half feet wide, running north from Monroe street to private alley twenty feet wide, running east and west, at the rear of said lots, to the said seven and one-half foot alley running immediately opposite and adjacent to said lot 12; that the said alley is used as a means of egress and ingress from complainant's barn and from the said rear alley, and is the shortest and usually traveled route from said Monroe street; that the said private alleys were laid out by the aforesaid owners of said subdivision for the use and benefit of each and every owner of said lots and parts thereof in said block 1; that the said private alley of seven and one-half feet has been used and passed over by the owners and occupants of lots in said block ever since the laying out and platting of the subdivision; that complainant has the right to pass in and upon and over the same in going to and from the rear of said lots 9 and 10; that said Newell, the owner of said lot 12, was, at the time of the filing of the original bill, constructing a building on said lot 12, along the west line thereof; that on the west side of said building he was constructing a projection, commonly called a 'bay window,' which bay window would extend upon and over said private alley about three feet, thus obstructing free ingress and egress by and through said alley, rendering it impossible to pass along the same with any wagon or other vehicle, to the injury of complainant. The court further finds, that at the time of the filing of the supplemental bill, defendant Newell, or some one acting for or under him, had made an excavation three feet in width and two or three feet in depth on the east of said private alley, and had closed by a pair of gates, and was about to fence up, said private alley and take possession thereof, and thereby deprive complainant completely of the use of the same, which said acts and doings would work irreparable and permanent injury to complainant. It is further ordered, adjudged and decreed, that said Newell, and those claiming under and through him,

be and the same are hereby permanently enjoined from excavating, closing up, fencing or in any way obstructing said seven and one-half foot alley, or in any way interfering with complainant's free egress and ingress; that the preliminary injunction granted on the original and supplemental bills be made permanent; that defendants pay the costs of this proceeding."

The defendants appealed to the Appellate Court for the First District, and that court rendered judgment affirming the decree of the Superior Court. This appeal is from that judgment.

Mr. H. S. MECARTNEY, for the appellants:

Equity will interpose, by injunction, to prevent a threatened nuisance, only when the injury will be irreparable, when the complainant's right is clear, and when the proof of the facts upon which the complainant rests is of the most convincing power. *Earl of Ripon* v. *Hobart,* 3 M. & K. 169; *Monmouth's Appeal,* 54 Pa. St. 183; *Kirkman* v. *Handy,* 11 Humph. 406; *Rhodes* v. *Dunbar,* 57 Pa. St. 274; *Simpson* v. *Justice,* 8 Ired. Eq. 115; *Duncan* v. *Hayes,* 7 C. E. Green, 25; *VanBergen* v. *VanBergen,* 3 Johns. Ch. 382; *McCord* v. *Iker,* 12 Ohio, 387; *Durnesnil* v. *Dupont,* 18 B. Mon. 800; *Rand* v. *Wilbur,* 19 Bradw. 385; *Eastman* v. *Amoskeag,* 47 N. H. 71.

Equity will not abate an existing nuisance until the right has been settled at law. *Dunning* v. *Aurora,* 40 Ill. 481; *Porter* v. *Witham,* 17 Me. 292; *Rhea* v. *Forsyth,* 37 Pa. St. 506; *Irvin* v. *Dixine,* 9 How. 10; Adams' Eq. 211; Eden on Injunctions, 234; *Lake View* v. *Letz,* 44 Ill. 85; *Oswald* v. *Wolf,* 129 id. 200.

Mr. JAMES MAHER, for the appellee:

The right of appellee to have the beneficial use of the alley, and also her right to the aid of a court of equity, is settled in *Cihak* v. *Klekr,* 117 Ill. 643.

When the right of a complainant in an easement is clear, and an individual is directly and injuriously affected by the obstruction of an easement or the creation of a nuisance, a court of equity will interfere, on the application of such individual, to prevent the threatened wrong or invasion of the right, because in such cases equity can give complete remedy, prevent irreparable mischief, and that continuous and vexatious litigation that would arise out of resort to the remedies afforded at law. *Green* v. *Oakes,* 17 Ill. 250.

This doctrine is approved and reiterated in the case of *Snell* v. *Buresh,* 123 Ill. 151. See, also, *McCann* v. *Day,* 57 Ill. 101; *Peoria* v. *Johnston,* 56 id. 45; *Smith* v. *Bangs,* 15 id. 402.

There is no question that injunction will issue properly for relief in cases similar to the one at bar. The text writers, and the courts of other States and of other countries, are in entire harmony with the decisions of this court. It is perhaps needless to cite but a few authorities, all of which hold that injunction will lie on behalf of a person whose right to the use of a passageway or easement already in existence has been obstructed. Hilliard on Injunctions, p. 569, sec. 25; High on Injunctions, sec. 849; Washburn on Easements, (4th ed.) 749, par. 4.

When a person sells property lying within the limits of a city, and in the conveyance bounds it by streets designated as such in the conveyance, or on a map made by the city or by the owner of the property, such sale necessarily implies a covenant that the purchaser shall have the use of the street, and any obstruction by the grantors which denies the exercise of this particular right of way as a street works irreparable mischief, and entitles the purchaser to relief by injunction. Hilliard on Injunctions, sec. 27; High on Injunctions, sec. 824; *White* v. *Flannigan,* 1 Md. 525; *Karrer* v. *Berry,* 44 Mich. 391; *Roman* v. *Strauss,* 10 Md. 89.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The reasons urged by counsel for appellant for a reversal of the judgment of the Appellate Court are, in our opinion, insufficient. They will be briefly considered in the order in which they are presented in the printed arguments filed with the record.

*First*—It is contended that it appears from the supplemental bill, the evidence and the recitals in the decree, that all that is enjoined was done when the supplemental bill was filed. The supplemental bill recites that since the issuing of the injunction upon the original bill, "defendant Newell, or some one under him, has made an excavation three feet wide and two or three feet in depth on the east side of said private alley, and is about to close up the same and take possession thereof." This is not, as seems to be supposed by counsel for appellant, equivalent to an allegation that the excavation was at that time completed or the alley closed or taken possession of by Newell. On the contrary, the language, "is about to close up the same and take possession thereof," shows, as plainly as words can, that the wrong is only then being done and is not completed, and the decree finds, and the evidence clearly warrants, the finding that an excavation, precisely as described in the supplemental bill, had been made, but not that the excavation had been completed, when that bill was filed; that Newell had closed by a pair of gates and was about to fence up and take possession of the alley. And so an injunction then stopping everything in the exact plight and condition it then was would necessarily prevent Newell from completing or doing anything more to the excavation, and from fencing up and taking possession of the alley and excluding appellee from its use,—and this is precisely what the court decreed. If appellee was otherwise entitled to enjoin Newell from closing the alley so as to deprive her from using it, the mere fact that he had already done many acts in that direction did not prevent her having enjoined any acts that were threatened and yet

remained to be done, to completely deprive her of the use of the alley.

*Second*—Appellants invoke, as against this decree, the rule that equity will only interpose to prevent a threatened nuisance where the injury will be irreparable, where the complainant's right is clear, and where proof of the facts upon which the complainant rests is of the most convincing character. There is here no question as to the character of the act threatened, and complainant's right does not seem to be seriously contested. The execution of the plat under which complainant claims her easement, and the sale of lots afterwards in conformity therewith, are clearly proved, and there is no attempt to prove anything to the contrary. Indeed, in appellants' answer the execution of the plat is admitted, and its effect, only, is denied. Appellants seem, at the time of filing the answer, to have been under the impression that appellee could derive no rights under the plat unless it had been accepted by the city or the public, and hence denied that there had ever been such acceptance. But appellee's right is established by showing that she owns an easement,—the right of passage,—as an incident to her ownership of her lot. We have held that "where the owner of two tenements, or of an entire estate, has so arranged and adapted them that one tenement or one portion of the estate derives a benefit and advantage from the other, of a permanent, open and visible character, and he sells a portion of the property, the purchaser will take the tenement or portion sold with all the benefits and burdens which so appear at the time of the sale to belong to it. It is not necessary, in such case, that the easement claimed by the grantee must be really necessary for the enjoyment of the estate granted. It is sufficient if it is highly convenient and beneficial therefor." *Cihak* v. *Klekr et al.* 117 Ill. 643.

The width of the alley, its connections, and the uses to which it has been and is susceptible of being hereafter de-

voted, are involved in no doubt. "Irreparable injury," as used in the law of injunctions, does not necessarily mean "that the injury is beyond the possibility of compensation in damages, nor that it must be very great. And the fact that no actual damages can be proved, so that in an action at law the jury could award nominal damages,. only, often furnishes the very best reason why a court of equity should interfere in a case where the nuisance is a continuous one." (Elliott on Roads and Streets, 497.) And Story cites as instances where equity will afford a remedy by injunction, "where easements or servitudes are annexed by grant or covenant, or otherwise, to private estates, or where privileges of a public nature, and yet beneficial to private estates, are secured to the proprietors, contiguous to public squares or other places dedicated to public uses." (2 Story's Eq. sec. 927.) And this court has, in harmony with these authorities, held that injunction will lie to prevent obstructions to a private way, on the ground that the party has no adequate remedy at law. (*McCann et al* v. *Day*, 57 Ill. 101.) And alike in principle are the rulings in *Peoria* v. *Johnston*, 56 Ill. 45; *Green* v. *Oakes*, 17 id. 250; *Snell* v. *Buresh*, 123 id. 151. In *Oswald* v. *Wolf*, 129 Ill. 200, cited by counsel for appellants, the right of the complainant was, to say the least, extremely doubtful, and not, as is appellee's right here, clearly established by the evidence, and nothing therein said is in conflict with what was decided in the cases cited *supra*.

*Third*—Appellee's cross-error, that the court erred in not decreeing a renewal of the obstructions, can not be considered here, since it was not assigned upon the record of the Superior Court when that record was reviewed by the Appellate Court. We can, on this appeal, only review the rulings of the Appellate Court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*