WAREHOUSE DISTRIBUTING CORPORATION ET AL. *v.*
DIXON, ETC.

[No. 14,451. Filed October 20, 1933.]

*Ferdinand Born, Isaac Born* and *Anderson, Mayfield & Rynerson,* for appellants.

*Barnes & Johnson* and *Charles M. Wells,* for appellee.

DUDINE, J.—Appellee was engaged in hauling freight on motor trucks over several routes including routes between Indianapolis and Kokomo, and Indianapolis and Muncie, by way of Anderson. He holds "Certificates of Public Convenience and Necessity" issued by the Public Service Commission covering each of said routes.

Appellant Becraft owned and operated motor trucks between Indianapolis and Kokomo and conducted the

same sort of business on that route. Appellant Warehouse Distributing Corporation held a ten-year lease on a large warehouse at 415 South Pennsylvania Street in Indianapolis in which warehouse appellant Central Union Truck Terminal, Inc., occupied thirty-five thousand (35,000) square feet of floor space. Becraft and the Terminal Corporation were operating under a contract by the terms of which the Terminal Corporation agreed "to solicit, collect, store, route, accept and handle freight in and from Indianapolis and other cities and towns in Indiana, and to turn same over to . . . (Becraft) . . . for transportation to destination or to connecting carriers . . ." and Becraft agreed to "provide equipment for daily service between Indianapolis and all points on . . . (his route) . . ."

Becraft had about twenty (20) feet of space allotted to him at the warehouse, which space was along a brick wall, and was designated by Becraft's name on the wall. He received a share of all money received by the Terminal Corporation for the freight hauled by him. His operation from the Kokomo terminal was similar to that from the Indianapolis terminal.

Numerous advertising circulars were distributed over the state identifying appellants, Warehouse Distributing Corporation and Central Union Truck Terminal, Inc., with "A State Wide System of Dependable Motor Transportation . . . to two hundred and fifty Indiana cities and towns . . . (with) local deliveries at . . . Kokomo, . . . Marion, Muncie . . . Central Terminal and Warehouse at 415 South Pennsylvania Street, Indianapolis, System operated by Warehouse Distributing Corporation." Appellant Tom Snyder was president and general manager of said two companies.

Appellee filed an amended complaint in the circuit court of Marion county praying damages, and an injunction enjoining appellants from operating motor trucks

in competition with his business, and from advertising that they would so operate motor trucks.

Appellants first filed a plea in abatement, to which appellee filed a demurrer and the demurrer was sustained by the court. Thereupon appellants filed a motion to make the complaint more specific, and a demurrer to the complaint successively, each of which was overruled successively, whereupon appellants filed an answer in general denial.

The cause was submitted to the court for trial without the intervention of a jury and the court found for appellee against all appellants and rendered judgment against all appellants, that appellee have the injunction prayed for and one dollar ($1.00) damages.

Appellants seasonably filed a motion for new trial, charging that the decision of the court is not sustained by sufficient evidence and is contrary to law, which motion was overruled.

The errors assigned are that the trial court erred: (1) In sustaining appellee's demurrer to appellant's plea in abatement; (2) in overruling appellant's motion to make the complaint more specific; (3) in overruling the demurrer to the amended complaint; (4) in overruling the motion for new trial.

The only question presented under the first assigned error is whether or not the Marion Circuit Court had jurisdiction, to hear and determine this matter before, until or unless, it had been submitted to the Public Service Commission. Appellants contend the matter had to be submitted to the Public Service Commission first. The same question is presented under the third and fourth assigned errors.

This action is based on the act of our General Assembly of 1925, beginning at page 138 of said acts (Sections 10164-73, Burns 1926, §§11223-11232, Baldwin's 1934), which placed owners and operators of motor ve-

hicles, used for transportation of property, for compensation, as a common carrier, under the control of the Public Service Commission.

The Public Service Commission is an administrative body, whose duty it is to administer certain laws, including said Act of 1925. There is no dispute but that the Public Service Commission has exclusive jurisdiction of matters involving said laws which matters are purely administrative. The matter involved in the instant case is not, however, a matter of purely administrative character. On the contrary it is a question of whether or not the legal rights of the plaintiff have been and will be interfered with by appellants in violation of said Act of 1925.

The precise question, whether or not such matters must be submitted to the Public Service Commission before circuit courts acquire jurisdiction, has not been determined by our appellate courts.

The Third District Appellate Court of Illinois, in *D. U. and C. Ry. Co.* v. *T. L. Clark Truck Co.* (1923), 231 Ill. App. 339, held that the (state) circuit court had jurisdiction to enjoin a motor bus company from operating as a common carrier of passengers on the public highways without having secured a certificate of convenience and necessity from the Illinois Commerce Commission, notwithstanding the fact that the motor bus company had filed application for such certificate, and the plaintiff, seeking the injunction, had appeared before the commission, filed objection to such application and the matter was still pending before the commission.

The court in that case said: "The Commerce Commission is not a court and appellant being engaged in operating without a certificate of necessity and convenience, the Commerce Commission has no power by order or process to furnish appellee with a complete or ade-

quate remedy. . . . The only method by which the Commerce Commission could enforce any order which it might make in the premises would be to file a bill for an injunction, praying for the identical relief sought in the present bill, and as the right to pray for an injunction is not limited to the Commerce Commission, we see no good reason why appellee should be compelled to await the action of the Commerce Commission before resorting to a Court of Chancery. . . ."

The statute conferring control of public utilities to the Illinois Commerce Commission (Sec. 71, Chap. 111a, p. 1981, Cahill's Ill. R. S. 1927), is similar to Sec. 10165, Burns 1926. What that court said of the Illinois Commerce Commission can properly be said of the Indiana Public Service Commission. The right to pray for an injunction restraining a violation of an order of the Public Service Commission of Indiana is not limited to the commission but is expressly given to "any person having a special interest in enforcement of such order." Sec. 10172, Burns 1926 (§11231, Baldwin's 1934). We hold that the Marion circuit court had jurisdiction of the subject matter of this case.

In connection with this holding we have considered the reasoning of the Supreme Court of the United States in *Great No. Ry.* v. *Merchants Elev. Co.* (1922), 259 U. S. 285, 42 S. Ct. 277, 66 L. Ed. 943, by which that court concluded that federal courts have jurisdiction of cases involving a disputed question of construction of interstate tariffs, without the matter being first submitted to the Interstate Commerce Commission.

Under the second and third assigned errors appellants contend that "the facts stated in the complaint, taken as a whole, do not show that the appellants conspired or combined to do an unlawful act. A conspiracy or combination to do a lawful act does not make it unlawful."

The complaint alleged that appellants "have joined

and are still engaged in a conspiracy and combination to violate the legal rights of the plaintiff under his certificate (of public convenience and necessity)" and pursuant to such conspiracy appellants, are engaged in operating motor vehicles, as common carriers, along the same highways upon which the plaintiff, by his said certificates, is authorized to operate such a business. It further alleged that appellants are engaged in said business without having had a certificate or certificates of public convenience and necessity covering said routes, issued to them by the Public Service Commission. The charge of operating such business without having had a certificate of public convenience and necessity issued to them as aforesaid, is a charge of the commission of an unlawful act.

We hold that the allegations of the complaint are sufficient to constitute a cause of action, and that they are amply definite to inform appellants of the precise nature of the charges made by the complaint.

Appellants further object to the complaint because it does not allege facts sufficient to show that a certificate (of convenience and necessity) was required (of appellants) ; because the complaint does not allege that public convenience and necessity do not require such operation (by appellants).

Sec. 10165, Burns 1926 (§11224, Baldwin's 1934), provides that: "No motor vehicle, except as hereinafter provided (which exceptions do not apply in the instant case), shall be operated upon any public highway of the State of Indiana for the purpose of transporting passengers or property for compensation as a common carrier until after there shall have been obtained from the Public Service Commission of Indiana a certificate declaring that public convenience and necessity require such operation. . . ."

The complaint alleged that appellants were operating

in violation of said law. Appellee was not required to plead the statute.

Appellants further contend the decision of the court was not sustained by sufficient evidence. Evidence is in the record tending to show the facts as set forth herein, and we hold that it is sufficient.

It is contended that the right of appellee to invoke equity jurisdiction in this case depended upon a showing that he has suffered or would suffer irreparable damages, . . . that the judgment for one dollar ($1.00) damages clearly shows that appellee's damages were not irreparable.

"Irreparable injury, as used in the law of injunctions, does not necessarily mean that the injury must be very great; and the fact that no actual damages can be proved, so that in an action at law the jury could award nominal damages only, often furnishes the very best reason why a court of equity should interfere where the nuisance is a continuing one. . . ." *Newell* v. *Sass* (1892), 142 Ill. 104, 31 N. E. 176; See Elliott's Roads and Streets, 4th Ed. Sec. 850, page 1107; 32 C. J., Sec. 31 and cases cited.

The injury complained of in the instant case is a continuing one, and actual damages suffered by appellee could not be proven. We adopt said statement of the Supreme Court of Illinois as applicable here.

Appellants contend that the decree is too indefinite, and too broad and set forth portions of the decree to prove said contentions. If these portions of the decree could be considered separately and apart from the whole decree appellant's contentions would be meritorious, but the contentions have no merit when the decree is considered as a whole, and for that reason we have not discussed them.

No reversible error having been shown the judgment of the lower court is affirmed.