BURRIDGE ET AL. *v.* CITY OF MISHAWAKA ET AL.

[No. 28,410.   Filed February 10, 1948.]

*Charles Davis*, of Mishawaka, for Appellants.

*Robert P. Lang*, of South Bend, Attorney for City of Mishawaka, and *Farabaugh, Pettingill, Chapleau & Roper*, of South Bend, for New York Central Railroad Company.

STARR, J.—This action was brought by the appellants against the City of Mishawaka, Indiana, to annul and set aside certain proceedings taken by the board of public works of said city to vacate that portion of a public street known as Somerset Avenue where the same crosses the right-of-way and tracks of the New York Central Railroad Company. Upon its petition the railroad company was permitted to intervene and was made a party defendant to this action. The issues were formed by appellants' complaint in one paragraph to which the appellees filed a demurrer for want of sufficient facts. This demurrer was sustained and upon appellants' refusal to plead further, final judgment was rendered for the appellees.

The only error assigned for reversal is that the Court erred in sustaining this demurrer.

The principal averments of this complaint show that on December 4, 1944, the board of public works of the appellee city entered into an unlawful agreement with the appellee railroad company whereby the city agreed with the railroad company to vacate Somerset Avenue where the same crosses the company's right-of-way in the city, without cost to the railroad and without assessing its property for any benefit derived from the vacation of the street notwithstanding the fact that the

company will be benefited "in a large sum of money" by this vacation. On April 15, 1946, and in pursuance of said unlawful agreement the appellee city, by and through its board of public works adopted its resolution for the vacation of Somerset Avenue where it crosses the right-of-way of the appellee railroad company; that the resolution described as the property which "would" be benefited by the vacation, that portion of the said railroad's right-of-way which comprised the portion of said street proposed to be vacated. This resolution also described the real estate of the appellants, along with other properties, as the property that "would" be injuriously affected by this vacation. By subsequent proceedings of the board, all as provided by statute, the vacation of the street over said right-of-way was completed; that by the confirmation of the resolution of benefits and damages the board finally found that the railroad was not benefited in any sum and that the property of the appellants was not damaged. As well as asking for general relief the prayer of the complaint asked that the court annul and set aside all the proceedings of the board in this vacation.

Whether or not there has been fraud in a proceeding by a city to vacate public property is a proper matter for judicial investigation. *Windle* v. *City of Valparaiso* (1916), 62 Ind. App. 342, 113 N. E. 429; *City of Indianapolis* v. *Maag* (1914), 57 Ind. App. 493, 107 N. E. 529. Such an attack is a direct attack. *Windle* v. *City of Valparaiso, supra.*

For the purpose of this opinion we will assume that the agreement between the appellees, that benefits would not be assessed against the railroad company, was fraudulent and would render the proceedings void at the instance of a proper party.

After indulging this assumption, however, we must conclude that this demurrer was properly sustained.

This action is based upon the invasion of appellants' private rights and brought in their private capacity and in order for this complaint to state a cause of action it would be necessary that appellants allege therein that they had suffered special damages. This they have wholly failed to do. The only allegation in this complaint as to appellants' damages or right to bring this suit is "That the plaintiffs will be damaged in the sum of not less than One Thousand ($1000) Dollars by the vacation and closing of Somerset Avenue where the same crosses said Railroad's right-of-way." This complaint does not even allege the street appellants' property abuts or where the same is located relative to the involved intersection. Nowhere do appellants attempt to plead facts showing that they have suffered damages distinct or different in kind from that of the general public.

We approve of the statement in the case of *City of Indianapolis* v. *Maag, supra,* on page 498, which was similar to the case before us, in that the plaintiff was attacking as fraudulent the vacation of a public street, to-wit: ". . . . before plaintiff, a private individual, can enjoin the closing of a highway he must aver and prove some special injury to himself not common to the public." To the same effect see McQuillan's Municipal Corporations (2d ed.) Vol. 5, § 2155.

Judgment Affirmed.

NOTE.—Reported in 77 N. E. (2d) 297.