STATE EX REL. McCORMICK *v.* SUPERIOR COURT
OF KNOX COUNTY ET AL.

[No. 28,745. Filed January 5, 1951.]

*Kimmell & Kimmell,* and *Shake & Shake,* both of Vincennes, for relator.

*Emison & Emison,* and *Ramsey & Ramsey,* both of Vincennes, for respondents.

EMMERT, J.—This is an action for an alternative writ of mandamus and a temporary writ of prohibition. The alternative writ of mandamus and the temporary writ of prohibition were issued, which had the effect of staying an election recount and the proceedings in the trial court in consolidated cause No. 9649, under which the trial court ordered a recount of the ballots for the office of prosecuting attorney of the 12th Judicial Circuit, which is Knox County, and for the office of trustee of Palmyra Township, Knox County, and for the office of trustee of Steen Township, Knox County.

On December 4th, 1950, the trial court appointed recount commissioners and ordered a recount to begin on December 11th, 1950, which recount was in progress at the time this original action was filed.

The relator, who was a candidate for prosecuting attorney, after the election of November 7, 1950, was certified as having received the highest number of votes by the County Board of Canvassers. His contention here is that if his opponent, the contestor, on the recount should be declared elected by the recount board and a certificate of election issued to him under the statute, the second certificate would supersede the first, and he would be denied the benefit of the statutory election contest, since the contest statute makes no provision for a review by the contestee, and the contestor is not required to institute a proceeding for contest but can rely upon the certificate of election thereafter issued to him.

Section 29-5403, Burns' 1949 Replacement, provides for the filing of a verified petition for a recount of votes within fifteen days after an election has been held. The petition must specify the precincts in which a recount is prayed. The same section provides that any candidate who, on the face of the election returns, was elected shall be permitted to file a cross-petition within twenty-five days after the day on which said election was held, and each such cross-petition shall specify the voting precinct or precincts in which a recount is prayed. As we construe these provisions for a cross-petition, the relief is limited to precincts other than the precincts included in the original petition for a recount. The relator is correct in his contention that §§ 29-5501 to 29-5508, Burns' 1949 Replacement, make no provision for the contestee who was first declared elected, to contest the second certificate of election issued to the contestor.

The verified petition here charges that Article 27 of Chapter 208 of the 1945 Acts is unconstitutional in that it violates § 12 of Article 1 of the Constitution of

Indiana,[1] and the equal protection and due process provisions of the Fourteenth Amendment of the Constitution of the United States. The issues thus presented require consideration of the provisions of Article 27 (§ 29-5401 to § 29-5417, Burns' 1949 Replacement), which provides for recounting the votes, and Article 28 (§ 29-5501 to § 29-5508, Burns' 1949 Replacement), which provides for the statutory contest of an election, of Ch. 208 of the 1945 Acts [the 1945 Election Code], as well as the statutory provisions for informations in the nature of quo warranto. Sections 3-2001 to 3-2016, Burns' 1946 Replacement.

The Election Code provisions for recount provide a special statutory procedure unknown to the common law. *Williams* v. *Bell* (1915), 184 Ind. 156, 110 N. E. 753. Section 29-5405, Burns' 1949 Replacement, sets forth the allegations a petition for recount must contain, one requirement being "that the petitioner desires to contest said election in respect to said office, or that the petitioner desires to prepare for a contest in respect of such office which he has reason to believe will be instituted against him. . . . The term 'contest' as used in this section shall include all forms of contest herein or hereafter recognized as appropriate means of contesting title to a public office. . . ." From this it is clear that the candidate who was certified as having received the largest number of votes by the County Board of Canvassers may have a recount to prepare for a later contest of his election either by the statutory contest under the Election Code or by quo warranto. In *State ex rel. Watson* v. *Pigg*

[1] "All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." Section 12, Article 1, Constitution of Indiana.

(1943), 221 Ind. 23, 46 N. E. 2d 232, this court, after a review of the Indiana cases, held that the provisions of the election statutes for a recount and statutory contest did not exclude a judicial determination of the title to the office by way of quo warranto. The duties of the recount board are ministerial, and the certificate of the recount board is not an adjudication of title to the office. *Williams* v. *Bell* (1915), 184 Ind. 156, 110 N. E. 753, *supra; State ex rel. Schrage* v. *Boyle* (1934), 206 Ind. 574, 190 N. E. 743; *State ex rel. Lord* v. *Sullivan* (1938), 214 Ind. 279, 15 N. E. 2d 384. As between the rival candidates, the title to the office may be adjudicated by the statutory contest, or by the concurrent remedy of quo warranto. *State ex rel. Watson* v. *Pigg* (1943), 221 Ind. 23, 46 N. E. 2d 232, *supra; Brown* v. *State ex rel. Stack* (1949), 227 Ind. 183, 84 N. E. 2d 883. By invoking the provisions of the article for recount, any candidate is afforded the protection of § 29-5413, Burns' 1949 Replacement, which requires the court by order to impound and protect all ballots and voting machines, the tally sheets and the list of names and addresses of all persons registered by the clerk as having voted. And he also has the benefit of the recount in the presence of his watcher. Section 29-5411, Burns' 1949 Replacement.

However, the provisions of Article 28 of the Election Code for a statutory contest, which does provide for an adjudication of title to the office, make no provision for this proceeding being brought by a candidate who received the first certificate of election. Section 29-5504, Burns' 1949 Replacement, requires the verified petition to specify that the petitioner "honestly believes that as a result of the facts set forth as a ground of contest that contestee was declared elected when he had not in fact received the highest number of votes." The Election Code pro-

visions for the statutory recount do not require that the petitioner proceed with an election contest, either under the provisions of the Election Code or under the quo warranto statute.

The relator here contends that the provisions of § 29-5414 and § 29-5416 for the recording of the certificate of the recount commission and the issuance of a certificate of election or commission for the office, notwithstanding a certificate of election or commission for such office may have been previously issued on the return of the County Board of Canvassers following the election, violate the constitutional provisions above stated by denying him an equal remedy with the one receiving the second certificate.

It is true that an action for quo warranto does not lie until the one holding the latest certificate of election or commission takes possession of the office and assumes the duties thereof. 51 C. J. 318, § 15 and authorities cited; 44 Am. Jur. 105, § 26. This may cause some delay, since it does not permit the institution of an action for such adjudication of title before the official term of the office begins, while the statutory contest under the code must be filed within fifteen days after the election. But this is a legislative matter which can be remedied by the General Assembly any time it sees fit to amend the Election Code so that the one receiving the first certificate of election could institute an action for a statutory contest after the result of the recount commission is certified.

The remedy by information in the nature of quo warranto does provide for an adequate and complete review of the proceedings of the recount commission. In quo warranto, as well as the Code remedy for an election contest, the contested ballots are examined by the trial court, and on appeal the original ballots and documents should be made a

part of the bill of exceptions. With such a record before this court, we are in a position to and do examine the ballots and other documents and weigh this evidence to determine which party received the highest number of votes and therefore has title to the office. *Brown* v. *State ex rel. Stack* (1949), 227 Ind. 183, 84 N. E. 2d 883, *supra; Dobbyn* v. *Rogers* (1948), 225 Ind. 525, 76 N. E. 2d 570; *State ex rel. Watson* v. *Pigg* (1943), 221 Ind. 23, 46 N. E. 2d 232, *supra; Lumm* v. *Simpson* (1935), 207 Ind. 680, 194 N. E. 341. The requirements of due course of law of § 12 of Article 1 of the Constitution of Indiana, and the provisions for equal protection and due process of law of the Fourteenth Amendment do not require any particular kind of remedy or identical remedies. See *Dohany* v. *Rogers* (1930), 281 U. S. 362, 50 S. Ct. 299, 74 L. Ed. 904; *Carter* v. *Illinois* (1946), 329 U. S. 173, 67 S. Ct. 216, 91 L. Ed. 172. Relator has his day in court and a judicial review of the finding of the recount commission. Therefore in this action we hold, that even if a certificate of election or commission for the office be issued pursuant to the provisions of the recount article of the Election Code, which supersedes the first certificate of election, the relator still has his remedy to adjudicate title to the office by way of quo warranto.

The alternative writ of mandamus and the temporary writ of prohibition are each vacated and annulled.

NOTE.—Reported in 95 N. E. 2d 829.