MARION TRUCKING COMPANY, INC. *v.* MCDANIEL FREIGHT LINES, INC.

[No. 28,918. Filed December 1, 1952. Rehearing denied January 6, 1953.]

*George O. Cowan, Cowan & Smith,* and *Gustav Dongus, Davis, Hartsock & Dongus,* all of Indianapolis, and *Harding & Harding* of Crawfordsville, for appellant.

*Ferdinand Born* of Indianapolis, *Walter W. Spencer* and *Raymond O. Evans,* both of Crawfordsville, for appellee.

DRAPER, J.—The appellee brought this action to restrain and enjoin the appellant from operating as a common carrier along a certain described route in the state of Indiana, and for damages.

The complaint alleges that the appellee is the owner and holder of a certificate of public convenience and necessity authorizing it to transport property as a common carrier over and along Indiana state highway No. 43 between the cities of Crawfordsville and Lafayette, Indiana, and intermediate points; that the appellant is not authorized to transport property as a common carrier between Lafayette, Crawfordsville and Terre Haute, Indiana, or to serve points between said cities for the reason that the certificate issued by the Commission and held by the appellant is a restricted

certificate, in that it authorizes the appellant to travel over highway No. 43 as an alternate route for operating convenience only; that "contrary to, and in violation of said restricted certificate of public convenience and necessity, said defendant (appellant) is illegally operating as a common carrier of property in Crawfordsville, Indiana, and intermediate points between Crawfordsville, Indiana, and Lafayette, Indiana, along Indiana state highway No. 43, and also contrary to and in violation of said restricted certificate of public convenience and necessity, using a portion of said Indiana state highway No. 43, and unless restrained and enjoined, will continue so to do."

Pursuant to hearing the court entered a temporary injunction restraining appellant from operating as a common carrier of property along said highway between the city of Lafayette on the north and the junction of highways 43 and 67 on the south, except as an alternate route for operating convenience only, serving no intermediate or off-route points along said route, with certain exceptions not here important.

It will be seen from an examination of the complaint that the appellee bases its right to injunctive relief solely upon the ground that the appellant, in operating along said route as a common carrier of property, is operating contrary to and in violation of the restricted certificate of public convenience and necessity issued to it by the Commission.

Of the several questions raised by the appellant, we think we need notice only one. Did the appellee have an adequate remedy at law?

Burns' Stat., §47-1215, provides in part as follows:

"Upon complaint in writing filed with the commission or upon the commission's own initiative without complaint, the commission may investigate

whether or not any person subject to the provisions of this act has failed to comply with any provisions of this act or with any requirement established pursuant thereto.

"If the commission, after notice and hearing, finds, upon any such investigation, that such person has failed to comply with any such provision or requirement, the commission shall issue an appropriate order to compel such person to comply therewith."

*State ex rel. Evansville, etc., Lines* v. *Rawlings* (1951), 229 Ind. 552, 99 N. E. 2d 597, was an original action filed in this court which grew out of the efforts of certain interested parties to enjoin the alleged violation of an order of the Commission by a common carrier of passengers. After quoting that portion of the statute above set out this court there said:

"It is clear, by the terms of the statute above quoted, that if relator, as alleged in respondent's return, is violating an order of the Public Service Commission, the remedy lies in petition to the commission by those who claim that such a regulation or order is being violated. This court said in *Chicago, etc. R. Co.* v. *Railroad Com., etc.* (1911), 175 Ind. 630, at page 637, 95 N. E. 364, 'Injunctions will not be granted where there is an adequate legal remedy. *Where the commission has power to grant relief, application therefor must be made to it. Southern Ind. R. Co.* v. *Railroad Com., etc.* (1909), 172 Ind. 113, 87 N. E. 966; *Prentis* v. *Atlantic Coast Line Co.* (1908), 211 U. S. 210, 29 Sup. Ct. 67, 53 L. Ed. 150; *Texas etc. R. Co.* v. *Abilene, etc., Oil Co.* (1907), 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553; *Interstate Commerce Com.* v. *Illinois Cent. R. Co.* (1909), 215 U. S. 452, 30 Sup. Ct. 155, 54 L. Ed. 280.' (Our italics.)

". . .

"If, as is contended by respondent, relator is charging illegal rates in the city of Evansville and

thus violating an order or regulation of the Public Service Commission plaintiffs, in the actions pending in said Superior Court, must first exhaust their remedy of petition to the commission by pointing out that said company is not complying with the provisions of an approved tariff schedule and is thereby violating an order of the commission. *Indianapolis Water Co.* v. *Moynahan Prop. Co.* (1936), 209 Ind. 453, 456, 198 N. E. 312; *Southern Ind. R. Co.* v. *Railroad Com., etc.* (1909), 172 Ind. 113, 117, 119, 87 N. E. 966, supra; *In Re Engelhard & Sons Co.* (1914), 231 U. S. 646, 651, 34 S. Ct. 258, 58 L. Ed. 416, 418.

"It then becomes the duty of the Public Service Commission to make an investigation of the matters alleged in said petition and if, after notice and hearing, it should find that illegal rates are being charged by relator then the commission, under the authority vested in it by the legislature, will order the offender to desist from charging such illegal rates and if, after such order by the commission, such offender refuses to comply therewith, then the commission is the proper party to institute court proceedings to compel compliance with its order. *Wabash R. Co.* . *Railroad Com., etc.* (1911), 176 Ind. 428, 439, 95 N. E. 673. On the other hand if after such investigation the commission finds that the alleged violation does not exist and no order is being violated, then the petitioners may have their day in court by an appeal to any court of competent jurisdiction upon the ground that the order or decision of the commission is 'insufficient, unreasonable or unlawful' as provided in §47-1249, Burns' 1940 Replacement. Cf. *State ex rel. McCormick* v. *Superior Court of Knox County* (1951), 229 Ind. 118, 95 N. E. 2d 829, 832; *In re Northwestern Indiana Tel. Co.* (1930), 201 Ind. 667, 171 N. E. 65."

We think the above quoted is decisive of the question presented here, and we must, therefore, hold that the appellee did have an adequate remedy at law.

The appellee relies upon *Warehouse Distributing Corp.* v. *Dixon* (1933), 97 Ind. App. 475, 187 N. E. 217,

and *Vandalia R. Co.* v. *Schnull* (1919), 188 Ind. 87, 122 N. E. 225, for a different result. In the first of these two cases the plaintiff, who held certificates of public convenience and necessity to operate motor trucks over certain routes in Indiana, sought to enjoin the defendants, who held no such certificate, from operating or assisting in the operation of motor trucks over the same routes in competition with the plaintiff. The action was based on Ch. 46 of the Acts of 1925, which placed owners and operators of motor vehicles, used for transportation of property for compensation, as a common carrier, under the control of the Public Service Commission, and required the issuance of a certificate of public convenience and necessity as a condition precedent to the operation of motor vehicles on the public highway for compensation as a common carrier.

By Sec. 9 of that Act it was provided that: "All legal and equitable remedies of a civil nature to enforce the provisions of this act . . . may be used by said commision or any person or corporation having a special interest in such enforcement." In reliance upon that statutory provision, the Appellate Court upheld the issuance of an injunction against the defendants. But Ch. 46 of the 1925 Acts was repealed, in its entirety, by Sec. 41, Ch. 287, Acts 1935, which act, as amended, constitutes the present law relating to the regulation of common carriers by motor vehicles. Burns' Stat., §47-1211, et seq. There is no similar provision in the 1935 Motor Vehicle Act as amended. Moreover, it should be noted that the case just referred to was not one to prevent the violation of a certificate of public convenience and necessity which had been issued to the defendant, but was instead an action

brought to enjoin a defendant to whom no certificate had ever been issued.

In *Vandalia R. Co.* v. *Schnull, supra* (reversed on other grounds in 255 U. S. 113, 65 L. Ed. 539, 41 S. Ct. 324) the Railroad Commission of Indiana entered an order fixing rates for shipment of certain classes of freight over certain of appellant Railroad Company's lines in this state. The statute authorized an "appeal" to the Appellate Court from the order of the Commission fixing such rates. The Railroad Company neither appealed nor obeyed the order of the Commission. It continued to charge rates higher than those authorized by the order. Thereupon the plaintiffs, a group of wholesale and retail grocers, brought a suit to restrain the Railroad Company from charging or receiving any other compensation than that authorized by the order of the Commission. It was contended that the plaintiffs had no right to maintain the action because it was an effort by the plaintiffs to enforce, by court action, an order of the Railroad Commission, which could only be done by the Commission itself.

In holding that the action could be maintained by the plaintiffs this court said the remedies were cumulative; that Sec. 5 of the Act itself indicated that it was not the intention of the legislature that the remedy created by the statute should be exclusive; and further said the suit in equity was justified by reason of the great number of transactions involving small amounts. The case is clearly distinguishable from this one. It was not asserted in that case that the plaintiffs could not maintain the action because they had an adequate remedy at law. It was claimed only that the plaintiffs could not maintain the action because it could be maintained only by the

Railroad Commission. Here the question presented is whether the appellee must pursue, before the Public Service Commission itself, an administrative remedy which has been held to be an adequate remedy at law.

Though what we have said is completely dispositive of the case, we feel called upon to discuss it further. As above stated, relief was sought on the sole ground that a certificate of convenience and necessity had been issued to the appellant, and that appellant was operating in excess of and in violation of that certificate.

It is asserted in the briefs and it was argued here, however, that the certificate held by the appellant was issued as the result of a fraud practiced upon the Commission and the appellee, and the record before us discloses all of the proceedings before the Commission, including most of the evidence adduced before it, which was admitted in evidence over the objection of the appellant.

It has been held that the existence of fraud in an administrative proceeding is a proper matter for judicial investigation, since such an attack is a direct attack upon the proceedings. *Burridge* v. *City of Mishawaka* (1948), 225 Ind. 613, 77 N. E. 2d 297; 73 C. J. S., Public Administrative Bodies and Procedure, §38 b, p. 345. But no such issue was tendered in the court below. See 43 C. J. S., Injunctions, §188, p. 882. Nor can we say from an examination of the record that the trial court determined that the certificate was issued as the result of a fraud practiced by the appellant upon the appellee and the Commission. It is not within our province to resolve disputed questions of fact here.

Judgment reversed and cause remanded with instructions to deny the temporary injunction.

Emmert, C. J., concurs in result with opinion.

## CONCURRING OPINION

EMMERT, C. J.—I concur in the result of the majority opinion. It seems to me it is not necessary to decide more than that the appellee failed to prove damage now or in the future to any property right it might have. There was no proof that appellant was injuring or would injure the appellee by depriving it of any of its motor freight business. The general rule is, injunctions are only issued to protect civil property rights. *State ex rel. Zeller* v. *Montgomery Circuit Court* (1945), 223 Ind. 476, 62 N. E. 2d 149.

The record here discloses this to be another case where a temporary injunction was issued without any finding whatever to support it. In my opinion this was error for the reasons stated in the dissenting opinion in *State ex rel. Pub. Serv. Comm.* v. *Marion C. Ct.* (1952), 230 Ind. 277, 302, 103 N. E. 2d 214.

NOTE.—Reported in 108 N. E. 2d 884.