BOARD OF ZONING APPEALS OF THE CITY OF EAST
GARY, ET AL. *v.* STEVENS.

[No. 20,738. Filed February 13, 1968. Rehearing denied March 7, 1968. Transfer denied May 14, 1968.]

*Lucas, Clifford & Wildermuth, William F. Kane, Jr.,* and *James J. Nagy,* of Gary, for appellants.

*Lowell E. Enslen,* and *Peters, McHie, Enslen & Hand,* of Hammond, for appellee.

COOPER, J.—This cause comes to us for a review of a Certiorari proceeding in the Lake Superior Court. The Petition for Writ of Certiorari was filed by the Appellee against the Appellants for the purpose of reviewing a decision of the Board of Zoning Appeals of the City of East Gary, Indiana, which denied the Appellee's Petition for a variance or permission from the zoning ordinance of the City of East Gary, Indiana.

The Lake Superior Court reversed in toto the decision of the Board of Zoning Appeals and held that the decision was illegal and contrary to law, and that the Petitioner was entitled to have a permit issued to him as requested to operate a mobile home park.

In reviewing the record of the cause now before us, we find that both in the Lake Superior Court and in this Court, the Appellants claim error in the overruling of their Motion to Dismiss Petition for Writ of Certiorari. This claimed error is based on the failure of the Appellee to follow the administrative procedure provided for by Section 53-778, Burns' Indiana Statutes Annotated (1964 Repl.) and by Ordinance No. 308 of the town (now city) of East Gary, Indiana, in that he failed to begin his action by seeking a permit from the Building Commissioner.

The pertinent statute, Burns' Section 53-778, provides as follows:

"The board of zoning appeals shall:

"1. Hear and determine appeals from and review any order, requirement, decision or determination made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to sections 56 through 65 (§ 53-756—53-766) of this act.

"2. Permit and authorize exceptions to the district regulations only in the classes of cases or in particular situations as specified in the ordinance.

"3. Hear and decide special exceptions to the terms of the ordinance upon which the board is required to act under the ordinance.

"4. Authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

Ordinance No. 308 of the Town (now city) of East Gary, Indiana, adopted December 21, 1950, provides:

"Section 2. *Use Districts.* In a Residence district, Apartment district, Business district or Industrial district, respectively, no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used, for other than one or more of the uses specified in the following Table as permitted in such respective residence, apartment, business or industrial district.

| Use | Residence District | Apartment District | Business District | Industrial District |
|-----|--------------------|--------------------|-------------------|---------------------|
| Auto Trailer camp 37. | Not Permitted | Not Permitted | Not Permitted | Permitted only by action of the board of zoning appeals (See note.) |

"NOTE: Action of the Board of Zoning Appeals consists of public notice and a hearing before said board, to deter-

mine appeals from and review of any order, requirement, decision or determination, made by any administrative official or board charged with the enforcement of this ordinance, which Board of Zoning Appeals may permit and authorize exceptions to and variations from the district regulations in the classes of cases or in particular situations specified in this ordinance if, in the judgment of said board, such use is consistent with the purpose and intent of this ordinance, will not substantially and permanently injure the appropriate use of neighboring property or if such use is of a public or semi-public nature and will serve the public convenience and welfare.

"Section 1. *Board of Zoning Appeals: Enforcement.* This ordinance shall be enforced by the Building Commissioner and it shall be his duty to see that the same is enforced through the proper legal channels, under the rules and regulations of the Board.

"Any decision of the Building Commissioner made in the enforcement of this Ordinance may be appealed to the Board by any person claiming to be adversely affected by such decision. The appellant shall file with the Building Commissioner and with the Board a notice of appeal in writing specifying the grounds thereof. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this Ordinance, the Board shall have the power, in passing upon appeals, or petitions for variance, from district regulations to vary or modify any of the rules, regulations or provisions of this Ordinance so that the spirit of the Ordinance shall be observed, public welfare secured or substantial justice done."

We are of the opinion that the foregoing ordinance designates the "Building Commissioner" as the proper administrative official referred to in Section (1) of the statute. It appears from the ordinance that a mobile home park was permitted in an industrial district. Therefore, Petitioner's application could not have been for a variance. We do not find in the record before us any evidence that the Appellee ever applied to the Building Commissioner for a permit to construct or use

the land in question for a mobile home park in the industrial area, although the ordinance specifically provides that the Building Commissioner is the administrative official charged with the enforcement of said zoning ordinance.

The Appellee's application to the Board of Zoning Appeals could not be considered an appeal from an adverse decision of the Building Commissioner, because the record does not reveal that the Appellee had ever sought, or that the Building Commissioner had ever denied the Appellee the right to use the land involved as a mobile home park.

We are of the opinion that the statute and ordinance quoted above provided an administrative remedy and set out a procedure for the Appellee to follow in order to obtain the relief he sought. He should have first applied to the Building Commissioner of East Gary for permission to use his land as a mobile home park, and if denied such permission by the Building Commissioner, then his remedy would have been to appeal such denial to the Board of Zoning Appeals.

Where, as in this cause, an effective administrative remedy is provided, it is necessary that the administrative remedy be complied with by making an application first to the Building Commissioner, then if the application is denied, taking an appeal to the Board of Zoning Appeals for a review. The remedies thus provided by the statute and the ordinance must be exhausted before a judicial review may be requested. *City of East Chicago, Indiana* v. *Sinclair Refining Co.* (1953), 232 Ind. 295, 306, 111 N. E. 2d 459; *Marion Trucking Co. Inc.* v. *McDaniel Freight Lines Inc.* (1952), 231 Ind. 519, 108 N. E. 2d 884; *State ex rel. Evansville City Coach Lines* v. *Rawlings, Judge, et al.* (1951), 229 Ind. 552, 559, 99 N. E. 2d 597; *Myers, et al.* v. *Bethlehem Shipbldg. Corp.* (1938), 303 U.S. 41, 82 L. Ed. 638, 644, 58 S.Ct. 459; *Stark* v. *Christie, et al.* (1941), 179 Md. 276, 19 A. 2d 716, 719; *Sacer Realty Corporation* v. *Archer* (1946), 68 N.Y.S.

2d 277, 279; *Glencoe Lime & Cement Co.* v. *City of St. Louis, et al.* (1937), 341 Mo. 689, 108 S. W. 2d 143, 144; Davis, Administrative Law Treatise, Vol. 3, *Primary Jurisdiction,* Sec. 19.01, p. 1; *Conclusions,* Sec. 19.09, p. 53.

By reason of what we have heretofore stated, and the foregoing cited authorities, we are of the opinion that the Lake Superior Court erred in not sustaining the Appellant's Motion to Dismiss the Petition for Writ of Certiorari.

Judgment reversed with instructions to sustain the Appellants' Motion to Dismiss the Petition for Writ of Certiorari.

Carson, C. J., and Faulconer, J., concur.

Prime, J., dissents with opinion.

### DISSENTING OPINION

PRIME, J.—I must respectfully dissent in this matter. The opinion submitted by Judge Cooper reverses upon the ground that the appellee did not follow certain procedural rules, to-wit: That the appellee should have first applied to the Building Inspector, be rejected by him, and then appeal to the Board. I do not interpret the statute nor the ordinance as requiring this. In my opinion the Board could entertain an original application as was done here by the appellee. The Board's own procedure for an original application was followed by the applicant upon forms provided to the appellee by the Board. Notices were published and personal notices were sent by certified mail to all adjacent landowners. These adjacent landowners made no objection to the variance. The record seems to disclose that no evidence was offered against the application. The Board did not deny appellee relief because of the fact that he had not sought approval of the Building Inspector, but based its denial upon other reasons. The Board did not state that the reason for its refusal to grant the appellee relief was because the appellee failed in any procedural step. We believe the fact that the application

was received, legal notices published, and a full hearing held, would indicate that the hearing was properly held.

It appears to me that if there was a flaw in the procedure, the petitioner should have been so informed by the Board.

After all other steps were followed and a full hearing held, it would appear that to exact a penalty at that point would be a sham and a useless thing.

> Where a petition for certiorari to review the decision of the Board of Zoning appeals granting a variance alleged that the application for the variance was not filed by an owner, lessee, tenant or occupant of the property, such allegation even if proved, could be nothing more than irregularities within the meaning of such statute. In proceedings for review of the decisions of the Board of Zoning Appeals for illegality, Courts are inclined to treat defects that are not plainly jurisdictional as irregularities rather than as illegalities. *Board of Zoning Appeals—The City of Indianapolis* v. *Moyer, et al.* (1940), 108 Ind. App. 198, 209, 27 N. E. 2d 905.

> Where remonstrators appeared in person and by counsel at a hearing before the Board of Zoning Appeals on an application for permit to erect a church in a residential area and protested the granting of the application, such appearance amounted to a waiver of any irregularity or imperfections in the service of notice of the hearing. *Keeling, et al.* v. *Board of Zoning Appeals of Indianapolis, et al.* (1946), 117 Ind. App. 314, 321—Trans. Denied: April 1, 1947 69 N. E. 2d 613.

In my opinion the merits of the case were in favor of the appellee and I would affirm the judgment of the trial court.

NOTE.—Reported in 233 N. E. 2d 672.