(No. 18433.—Decree reversed.)
W. G. Baird, Defendant in Error, *vs.* T. P. Hanna *et al.* Plaintiffs in Error.

*Opinion filed December 21, 1927—Rehearing denied Feb. 10, 1928.*

Easements—*easement for light does not arise by implication upon severance by common owner.* Where the owner of two adjoining properties conveys one of them a grant of an easement for light will not be implied from the nature or use of the structure on the property at the time of the conveyance, even though such easement is necessary to the convenient enjoyment of the property in the operation of the business of photography, as the law of implied grants and implied reservations is not applied to easements for light and air, and such easement can be acquired only by express grant of an interest in or covenant relating to the land over which the right is claimed.

Writ of Error to the Circuit Court of Wayne county; the Hon. Roy E. Pearce, Judge, presiding.

Creighton & Thomas, for plaintiffs in error.

Virgil W. Mills, (William T. Bonham, of counsel,) for defendant in error.

Mr. Justice Thompson delivered the opinion of the court:

This case involves an implied grant of an easement of light over a strip 13¼ feet wide in the north half of lot 49, in Fiddeman's addition to the city of Fairfield, as an in-

cident to the south 71 feet of said lot, which is occupied by
a residence and photograph gallery. The gallery consists
of three rooms on the north side of the building. The east
room is the reception room and the west room is the dark
room. The middle room is the operating room, where the
exposures are made, and in the north wall of which is a
skylight 12 feet by 12 feet, placed at an angle of about
twenty-five degrees south from the perpendicular. George
Newton acquired this property many years ago and later
married. Subsequently he acquired the 13¼-foot strip in-
volved in this proceeding which lies immediately north of
the portion of the lot occupied by the photograph gallery.
On the east end of this strip of ground is a small building
which stands immediately north of the reception room of
the photograph gallery, and on the west end of the strip
is another building north of the dark room. The space
north of the operating room is now open and has been
since the photograph gallery was erected, thereby affording
an unobstructed flow of light through the skylight. Upon
the death of Newton, his widow, Laura, became the owner
of the property by virtue of his will. She continued to
conduct the photograph business in the property until April
7, 1908, when she sold the business and the south 71 feet
of lot 49, with the buildings thereon, to defendant in er-
ror, W. G. Baird. May 6, 1920, Mrs. Newton sold the
13¼-foot strip of ground immediately north of the photo-
graph gallery to plaintiffs in error T. P. Hanna and Barney
Barnhouse. Subsequently they leased the property owned
by them to plaintiff in error E. E. Goodman and his wife
for a period of three years. Goodman conducts a restau-
rant in the building on the front end of the property. On
August 4, 1926, he began the erection of a 30-foot addi-
tion on the west end of this building, and it is this addition
which defendant in error charges will injure his property
and business by obstructing his light. He applied for and
obtained in the circuit court of Wayne county an injunc-

tion restraining the erection of the building opposite his skylight, and this writ of error is prosecuted to review the decree awarding the injunction.

Defendant in error relies upon the rule of the common law that where the owner of two heritages, or of one heritage consisting of several parts, has arranged and adapted these so that one derives a benefit or advantage from the other of a continuous and obvious character, and he sells one of them without making mention of those incidental advantages or burdens of the one in respect to the other, there is in the silence of the parties an implied understanding and agreement that these advantages and burdens, respectively, shall continue as before the separation of the title. This general rule is announced and has been applied in *Adams* v. *Gordon,* 265 Ill. 87, *Powers* v. *Heffernan,* 233 id. 597, *Ingals* v. *Plamondon,* 75 id. 118, *Morrison* v. *King,* 62 id. 30, and many other cases in this State. But it has also been held that the law of implied grants and implied reservations shall not be applied to easements for light and air. (*Guest* v. *Reynolds,* 68 Ill. 478; *Tinker* v. *Forbes,* 136 id. 221; *Kotz* v. *Illinois Central Railroad Co.* 188 id. 578.) *Keating* v. *Springer,* 146 Ill. 481, is a case squarely in point. There the owner of certain premises leased a portion of them to be used by the lessee as a marble works. The building was a two-story and basement frame building and had windows on all sides. The territory around it was practically vacant. Thereafter the owner erected a large building upon another portion of the premises and obstructed the light to the building occupied by the marble works. The evidence showed that a strong light is necessary for the business of polishing marble and that the premises were selected by the lessee for the business because of their freedom from surrounding obstructions to light. In deciding the case the court stated the general rule with respect to easements and then held that such rule did not apply to the easement of light. The rule applicable to cases

like the one at bar was there stated to be, "that a grant of the right to the use of light and air will not be implied from the conveyance of a house with windows overlooking the land of the grantor, and that where the owner of two adjacent lots conveys one of them, a grant of an easement for light and air will not be implied from the nature or use of the structure existing on the lot at the time of the conveyance or from the necessity of such easement to the convenient enjoyment of the property." This is the rule established by the weight of American authority. (*Morrison* v. *Marquardt,* 24 Iowa, 35, 92 Am. Dec. 444; *Mullen* v. *Stricker,* 19 Ohio, 135, 2 Am. Rep. 379; *Keats* v. *Hugo,* 115 Mass. 204, 15 Am. Rep. 80.) In those jurisdictions where the doctrine of implied grant of an easement of light is sustained in cases of real and obvious necessity it is denied where it appears that the owner of the dominant estate can at a reasonable cost and expenditure substitute other light in the building so that he may have the reasonable enjoyment of the same. (*Miller* v. *Hoeschler,* 126 Wis. 263, 8 L. R. A. (n. s.) 327; *Robinson* v. *Clapp,* 65 Conn. 365, 29 L. R. A. 582.) The simplest rule, and that best suited to a country like the United States, in which changes are continually taking place in the ownership and in the use of lands, is, that no easement of light can be acquired without express grant of an interest in or covenant relating to the lands over which the right is claimed. There is no claim in this case that defendant in error has an easement of light over the property of plaintiffs in error by reason of any covenant running with the land contained in the ·deed conveying the property to him. Under the well established law in this State defendant in error is not entitled to the relief prayed in his bill for an injunction.

The decree of the circuit court is reversed.

*Decree reversed.*