### BUCHANAN v. SWIFT.
#### No. 7887.

Circuit Court of Appeals, Seventh Circuit.
June 23, 1942.

Charles R. Aiken and Aiken, McCurry, Bennett & Cleary, all of Chicago, Ill., for appellant.

Henry Veeder and Albert H. Veeder, both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff has appealed from a judgment dismissing her complaint on the ground that it failed to state a claim upon which relief could be granted and denying her leave to file an amended complaint.

The facts stated in the complaint and admitted to be true for the purpose of testing their sufficiency are that on October 15, 1935, the parties entered into a written contract, under seal, the material portions of which are:

"Whereas, it is the desire of the parties hereto that provision shall be made, as hereinafter set forth, for the maintenance of the party of the second part and her children, Mary Katherine Buchanan and John Lawrence Buchanan, in the manner and to the extent hereinafter set forth;

"(1) The party of the first part [defendant] will cause to be remitted each week to the party of the second part [plaintiff], at her post office address, the sum of Sixty-five Dollars ($65.00), such remittance to continue for a period of five (5) years, or until her death.

"(2) On condition that the said Mary Katherine Buchanan will enter a private boarding school, selected and approved by the parties hereto, and to the best of her ability endeavor to make passing grades each year while therein, the party of the first part agrees that, for a period of not more than five (5) years, he will provide, as needed, for the tuition, board, clothing and other reasonable requirements of said Mary Katherine Buchanan in an amount each year not exceeding Twelve Hundred Dollars ($1,200.00).

"(3) The party of the second part will provide as she sees fit for her son, John Lawrence Buchanan."

The complaint affirmatively showed the existence of diversity of citizenship and the requisite jurisdictional amount, and alleged that defendant promised "to pay for the support and maintenance of plaintiff and her children the sum of $65 each and every week for a period of five years, or for the duration of her life, whichever space of time were the longer."

The District Court construed the contract to mean that the "defendant would make the payments to plaintiff for five years if she should live that long, and that the obligation to make the payments ceased at the end of five years, or earlier than that should she die within that period."

The record discloses that after defendant moved to dismiss the complaint, the court handed down a memorandum opinion sustaining defendant's motion to dismiss, and indicated it would enter a judgment dismissing the suit. Plaintiff promptly prepared an amended complaint setting forth the facts and circumstances surrounding the parties at the time the contract was executed, their relationship, their negotiations leading up to the agreement, and the underlying purpose they had in view when entering into the contract. Upon defendant's objection and before the order of dismissal was entered, the court denied plaintiff's motion to file her amended complaint.

In support of the judgment the defendant contends that the defendant agreed to make the weekly payments either for a period of five years, or until the plaintiff's death, and that the first paragraph is unambiguous and, therefore, not open to construction. He further argues that the contract is one with alternative provisions with the promissor having the option of performing under either.

Plaintiff, however, contends the contract to mean that the payments were to be for five years or until death, whichever period was longer.

■ Which of the two contentions is correct depends upon the construction to be given to the contract. The object of construction is to ascertain the intention of the parties. That intention is to be de-

termined from the language used in the instrument and where there is no ambiguity in the language used, from the instrument alone may the intention of the parties be gathered, Domeyer v. O'Connell, 364 Ill. 467, 470, 4 N.E.2d 830, 108 A.L.R. 476. We must resort to the words of the contract, it is true, "but not to one or a few of them, but to all of them as associated, and as well to the conditions to which they were addressed and intended to provide for," Merrill-Ruckgaber Co. v. United States, 241 U.S. 387, 36 S.Ct. 662, 664, 60 L.Ed. 1058; the contract must be construed as a whole and the intention collected from the entire instrument and not from detached portions, it being necessary to construe all its parts in order to determine the meaning of any particular part as well as the whole, 17 C.J.S., Contracts, § 297, thus to ascertain and make it speak the true intention and meaning of the parties at the time it was made, Adams v. Gordon, 265 Ill. 87, 91, 106 N.E. 517; that is to say, the court must take into consideration the entire scope of the contract and determine, if possible, from the terms of the contract, the legal effect thereof, Hartley v. Red Ball Transit Co., 344 Ill. 534, 540, 176 N.E. 751, and MacAndrews & Forbes Co. v. Mechanical Co., 367 Ill. 288, 297, 11 N.E.2d 382.

■ To be sure, where a written contract purports on its face to be a complete expression of the whole agreement, it is presumed that the parties introduced into it every material item and term, and no words can be added to or taken from it and thereby change the plain meaning of the parties, but where any doubt exists as to its sense and meaning, resort may be had to the circumstances surrounding its execution, for the purpose of ascertaining the subject matter and the standpoint of the parties in relation thereto. Without this knowledge it would be impossible to fully understand the meaning of the instrument or the effect to be given to the words of which it is composed, Adams v. Gordon, supra, 265 Ill. pages 91, 92, 106 N.E. 517. However, before it can be said that there is no ambiguity, the court must conclude that the controversial words are only capable of one interpretation, and that conclusion must be determined from a consideration of the entire contract and not from some single portion thereof. Wilkin v. Citizens National Bank, 298 Ill.App. 38, 18 N.E.2d 251. The express purpose of the contract was to provide for the maintenance of the plaintiff and her two children. Provision was made for the daughter's schooling for a period of not more than five years, yet no express provision was made for the son, other than that the plaintiff would provide for him. It is clear that if plaintiff had died the day after the execution of the contract and if thereby defendant's liability under paragraph one had ceased, the maintenance for the son would be none, but the maintenance for the daughter would continue for five years. This would not be the case under plaintiff's interpretation of the contract. We cannot say that this interpretation is unreasonable and that the contract is capable only of the interpretation given it by the District Court. This is especially so when the entire contract is considered. Since the plaintiff's interpretation, in the light of the entire contract, is reasonable enough to preclude us from saying that the District Court's interpretation was the only one, we must conclude that paragraph one is ambiguous. Under the circumstances here appearing, we believe the court would be justified in admitting proof of the circumstances surrounding the parties and the object they had in view at the time the contract was made, Armstrong Paint Works v. Continental Can Co., 301 Ill. 102, 106, 107, 133 N.E. 711, for the purpose of ascertaining by evidence dehors the instrument the sense and meaning of the language used, in order to place itself as nearly as possible in the situation of the parties at the time of the execution of the contract. Wilkin v. Citizens National Bank, supra, 298 Ill.App. page 45, 18 N.E. 2d 251.

The judgment of the District Court will be reversed and the case remanded to proceed in accordance with this opinion. It is so ordered.