### RACHLES et al. v. MANNING.
#### Civ. A. No. 303–49.

United States District Court
D. New Jersey.

April 21, 1952.

---

439

Gurtman & Schomer, Aaron Z. Schomer, Passaic, N. J., for plaintiffs.

Grover C. Richman, Jr., U. S. Atty., Camden, John J. Corcoran, Jr., Asst. U. S. Atty., Newark, N. J., Clarence J. Nickman, Sp. Asst. to Atty. Gen., for defendant.

HARTSHORNE, District Judge.

This is a suit for refund of Federal Estate taxes which plaintiffs were compelled to pay defendant. Defendant, after answer filed, moves for summary judgment, claiming that the pleadings and affidavits filed "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.Rules Civ.Proc. rule 56, 28 U.S. C.A.

In outline, the undisputed facts are that decedent Samuel Rachles, on January 12, 1943, executed a trust agreement, in which he was known as the Trustor, to his son, Daniel Rachles, known therein as the Trustee, of a certain bond and mortgage, previously made by S. Rachles, Incorporated, a corporation, covering property in Passaic, New Jersey. This property had previously been owned by the Trustor, but had been deeded to the corporation, in part consideration of which the corporation had

given the Trustor the above $22,000 purchase money mortgage. Meanwhile, the Trustor and his wife, who owned most of the stock of the corporation, had given this stock to their son, Daniel, the above Trustee. The trust agreement had, as its cestuis que trustent, the father, the Trustor, and certain children or other members of the family, obviously a family arrangement.

The Trustor father died April 5, 1945, and upon the audit of the estate by the Federal tax authorities, the above $22,000 mortgage, trusteed by the above agreement, copy of which is attached to the complaint, was included as a part of the estate, a deficiency determined, demanded, and paid the defendant, Collector of Internal Revenue, by plaintiffs.

Whether the refund sought by plaintiffs is due them, thus depends first, upon the pertinent terms of the Federal Estate Tax Act, 26 U.S.C.A. § 811(c), and second, primarily upon the terms of the above trust agreement, which alone took it out of decedent's estate, as claimed by plaintiffs.

■ The Estate Tax Act so far as pertinent on the present motion, imposes a tax, in substance, on property interests transferred by a decedent "by trust or otherwise * * * under which he (decedent) has retained * * * the right to the income from, the property * * * for his life or * * * for any period which does not in fact end before his death". Sec. 811(c)(1).[1]

We turn to the trust agreement, attached to the complaint, Exhibit A. Paragraph 4 of the agreement provides:

"Notwithstanding the assignment of said bond and mortgage, the Trustor shall have the exclusive right during his lifetime to the interest due or to grow due on the indebtedness in said bond and mortgage referred to, to demand, collect, reduce or waive the same in his sole discretion. Any interest on said mortgage indebtedness, which shall be unpaid at the time of the decease of the Trustor, shall be cancelled and the Trustor hereby waives any right thereto and hereby expressly directs the Trustee to cancel the same."

No language could more clearly preserve to the Trustor in the words of the statute, "for his life * * * the right to the income from, the property".

However, plaintiffs claim that other provisions of the trust show that Trustor did

---

1. The full pertinent provisions of the Act are:

"Section 811. Gross estate

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

"Section 811(c) Transfers in contemplation of, or taking effect at death. To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter";

But the provisions other than those noted above are not involved on the present motion. The question whether the trust agreement was executed "in contemplation of * * * death * * *", i. e., *why* the instrument was executed, obviously involves facts extrinsic to the instrument itself, which cannot be considered on this motion. But this question is very different from that on the present motion, which is not *why* the instrument was executed, but the *legal effect* of the instrument, as retaining the right to the income in the Trustor.

not have the right to this income for his life; nor that same was retained, as provided in the statute, "for any period which does not in fact end before his (Trustor's) death", plaintiffs specifically referring in that regard to Paragraphs 3 and 6 of the Trust agreement.

Paragraph 3 of the agreement provides: "The Trustee shall have the right, in his sole discretion, to release any portion of the lands and premises from the lien of said mortgage upon payment to him of the reasonable value of the portion of the lands and premises so released. The payment so received shall be distributed among those entitled thereto in the proportions hereinafter set forth."

Plaintiffs claim that the Trustee may accordingly receive payment of the mortgage and distribute such payment, thus terminating the trust, this possibly occurring before decedent's death. Plaintiffs then refer to the distribution clause of the agreement, Paragraph 7. This provides: "The Trustee shall distribute the proceeds of the said bond and mortgage and the interest to accrue thereon after the decease of the Trustor, among * * *" certain children, or other members of the family.

■ But in the first place, the undisputed facts are that no such contingency occurred. The mortgage was never paid off by the mortgagor to the trustee. So, even if we disregard entirely the above reservation in Paragraph 4 of the agreement to the Trustor, of the exclusive right to the interest "during his lifetime", we have a situation where the decedent still had the right to the income from the mortgage at the time of his death. Thus, the mortgage was taxable, under the very words of the statute, since the Trustor had the right to the income from the property for a "period which does not in fact end before his death." The period, of the existence of the mortgage before its payment, in fact continued till after decedent's death. It is the facts as they existed at the time of death to which this clause refers, according to the legislative history of the Act. Committee Reports 1932, amended House Report 708, 72nd Congress, 1st Session, page 46–7. For this reason, mere contingencies which never occur are to be disregarded in applying the Act. Goldstone v. United States, 1945, 325 U.S. 687, 693, 65 S.Ct. 1323, 89 L.Ed. 1871.

Since this contingency as to the paying off of the mortgage is to be disregarded, it is quite immaterial whether plaintiffs' interpretation of this contingency is correct in the light of the extrinsic evidence which he claims he can introduce, i. e., that these paid off mortgage proceeds should be distributed immediately to the other beneficiaries than the Trustor, or whether, on the other hand, the defendant's interpretation of same is correct, to wit, that the trust continues as to such proceeds, and that same are not distributable till the death of the Trustor. For, in either event, the contingency never occurred. Indeed, it might be added that, unless and until such contingency occurs, the Trustor has not a mere possibility of receiving the income, but a definitely vested right thereto.

■ Plaintiffs further contend that the express reservation to the Trustor of the exclusive right to the income during his lifetime, as aforesaid, is defeated by the provisions of Paragraph 6 of the instrument. This paragraph provides:

"Except as herein specifically limited, the Trustee shall have the right to reduce or waive the interest charge on the said indebtedness for any portion of the unexpired term thereof including such extensions as may be granted; provided, nevertheless, that such reduction or waiver shall not become effective until it shall have been approved by two of the cestuis que trustent herein named not including the Trustee individually."

Were it not for the above "except" clause, the provision that the Trustee has the right to reduce or waive the interest, with the approval of two of the cestuis, would be contrary to the provision of Paragraph 4 that "the Trustor shall have the exclusive right during his lifetime to * * reduce or waive the same (interest) in his sole discretion." But this ambiguity is immediately cleared up by this "except"

clause, which obviously refers to the provisions of the entire agreement, including Paragraph 4. It further will be noted that the right of the Trustor to so reduce or waive the interest is limited to the Trustor's lifetime, while the right of the Trustee to do the same thing is general. Obviously, therefore, the intent of the instrument was to give the Trustor this right during his lifetime, and the Trustee, with the two cestuis, the same right after the Trustor's death.

But plaintiffs claim that extrinsic evidence will show that this "except" clause refers only to Paragraph 6, and not to the instrument as a whole, including Paragraph 4. Though we have just found that, giving the instrument and this "except" clause the normal construction, there is no ambiguity whatever in the instrument, we find, on the contrary, that the introduction of this alleged extrinsic evidence would, far from clarifying the instrument, create a clear ambiguity in the instrument. This is because plaintiffs' attempted construction would, by Paragraph 4, vest the right to reduce or waive the mortgage interest exclusively in the Trustor during his life, whereas, by Paragraph 6, this same right would be vested generally in the Trustee. However, parol evidence is admissible, not to vary or contradict the terms of an instrument apparently complete on its face, but only to clarify an ambiguity in such instrument. Buchanan v. Swift, 7 Cir., 1942, 130 F.2d 483; 17 C.J.S., Contracts, § 597. Obviously, therefore, no extrinsic evidence is admissible in this regard, as it would simply create an ambiguity, where none existed previously.

Since there is no ambiguity in the instrument, there is no room whatever for the admission of extrinsic evidence.

Plaintiffs further claim that the fact that the mortgage interest was not paid Trustor for the last few months before his death prevents the transfer from being taxable, as one where the Trustor has not retained the possession or enjoyment of the income for a period which does not in fact end before his death. The answer to this is three-fold. First, this non-payment was in exact accord with the trust agreement, which specifically authorized the Trustor to waive such payment at his discretion. Second, we are here concerned, not with the possession of income, but with the right to income. Third, even if the payment of the income ended before Trustor's death, Trustor's right to the income did not end before his death, but, in fact, according to the agreement, was expressly retained "for his life."

Since there is no ambiguity in the entire instrument, which alone is relied on by plaintiffs as divesting decedent's estate of the property in question, no extrinsic evidence as to the legal effect of this instrument is admissible for a jury to consider. Since the pleadings and affidavits thus show there is no genuine issue as to any material fact, and that the property transferred was taxable, defendant is entitled to judgment. An order accordingly may be submitted by counsel.