## BRADLEY v. S. S. KRESGE CO.
### No. 11118.

United States Court of Appeals
Seventh Circuit.

June 29, 1954.

Paul W. Gordon, Springfield, Ill., John K. Kilbane, Detroit, Mich., for appellant, Brown, Hay & Stephens, Springfield, Ill., of counsel.

A. M. FitzGerald, Springfield, Ill., for appellee.

Before MAJOR, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

This is an action by Robert W. Bradley, the owner of a business property in Springfield, Illinois, occupied under lease by the S. S. Kresge Company, to recover from the Kresge Company certain amounts alleged to be due as additional rent for the years 1949, 1950 and 1951. The District Court entered judgment for the plaintiff in the amount of $6,097.12, and from this the defendant appeals.

The lease was entered into in 1926 between the then owner of the property, plaintiff's predecessor in interest, and the Kresge Company for the latter's use, occupancy and possession of the premises for a term commencing April 1, 1927, and ending September 1, 1958. The lessee contracted to pay a stated annual rental, and it was further provided that the lessee might demolish the building then standing on the premises and replace it with a new structure. It was, in fact, anticipated by the parties that a new building would thus be erected and that the value of both the real estate and improvements would thereby be increased. Accordingly, the lease provided that in addition to the stated annual rental agreed upon, the lessee would pay to the lessor each year, beginning the year after taking possession, an amount equal to any future increase in the taxes imposed on the demised premises arising from an increase in the assessed valuation of the improvements over their assessed value in 1927; and further, beginning in 1938, lessee would pay to the lessor each year an amount equal to any future increase in taxes arising from an increase in the assessed valuation of the land over its assessed value in 1937. This clause of the lease then contained the following significant provision:

"The term 'assessed valuation' wherever used in the foregoing paragraph, is used as meaning the assessed valuation upon which taxes are extended."

In 1927 the assessed value of the improvements then existing on the premises was $3,320.00, and the land was assessed in the year 1937 at a value of $22,960.00. Thus the combined 1927 and 1937 base valuation for improvements and land was $26,280.00, and the lessee was obligated, under the terms of the lease, to reimburse the lessor for any increase in taxes arising from an increase in this base valuation. Shortly after taking possession under the lease Kresge did proceed to raze the old structure and construct a new building, and subsequently the taxes on the property were increased as the parties had anticipated. The tax clause of the lease was thereafter applied without dispute over its meaning until sometime after 1946.

In 1946 the so-called Butler Law, Ill. Rev.St.1953, ch. 120, § 627 et seq., enacted by the State Legislature to correct irregularities in the assessment of property for taxes in Illinois, became effective. Prior to that time, property taxes were extended upon the valuations fixed by the local assessing officers of the several counties. And it was well recognized that while the law required all property to be assessed for tax purposes at full cash value, in practice the local assessing officers fixed assessments at varying amounts less than full value. There resulted, accordingly, a total lack of statewide uniformity in the assessment of property for tax purposes. To correct this situation the Butler Law provided for the application by the Department of Revenue of an equalizing factor, or multiplier, to the assessed values locally fixed in the several counties of the state. This factor is designed, in each instance of its application, to vary the local assessments to conform to actual property values. The actual values thus arrived at are the values upon which taxes are extended.

The equalizing factor applicable for each of the years in question in the county where the premises here involved

are situated, when applied to the local assessment of these premises, produced a combined land and improvements valuation of $118,800.00 for each of the years 1949 and 1950 and a valuation of $113,380.00 for the year 1951. The District Court found that the amount of taxes which the defendant lessee had agreed, in effect, to pay was to be determined by subtracting from these values the 1927–1937 base valuation and extending against the remainder the applicable rate. The following chart illustrates the method by which the court computed the amount of additional rent due for the years in question:

| | Combined Assessed Valuation Land and Improvements | Base Valuations for Land (1937) Imp. (1927) | Increase in Assessed Valuations | Rate Per $100.00 | Amount of Increase in Taxes to be Paid by Lessee |
|---|---|---|---|---|---|
| 1949 | $118,800.00 | $26,280.00 | $92,520.00 | $2.23 | $2,063.19 |
| 1950 | 118,800.00 | 26,280.00 | 92,520.00 | 2.24 | 2,072.44 |
| 1951 | 113,380.00 | 26,280.00 | 87,100.00 | 2.252 | 1,961.49 |
| | | | | Total | $6,097.12 |

Of course, the increased valuation made possible a lower tax rate, but that lower rate was used in computing the amount due from the defendant.

The defendant contends that in the computation of its liability to the lessor arising from an increase in taxes, unlike the method employed by the court below, the 1927–1937 base valuation should be deducted from the values fixed by the local assessing officials and the equalizing factor applied only to the remainder. The applicable tax rate would be extended against the product thus obtained to arrive at the defendant's liability. So too would the lessor's tax burden be computed by applying the equalizing factor to the base valuation and extending against this product the applicable rate. The sum of the two final products would equal the amount of taxes imposed on the property.

It is seen that under the defendant's theory the increase in values as fixed by the local assessing officials over the 1927–1937 base valuation is critical, for it is to that increase only that the equalizing factor is applied in computing defendant's liability. This method of computation would, it is contended, most nearly effectuate the intention of the parties to the lease in a situation which no one could have foreseen when the contract was entered into. The defendant emphasizes the fact that the tax clause was inserted to protect the lessor against additional taxes arising from an increase in the assessed valuation resulting from the anticipated improvements. It is asserted, therefore, that the parties would not have intended the lessee to be liable for that portion of the increase in taxes resulting from the application of an equalizing factor to the base valuations. The defendant points out further that at the time the lease was entered into, property taxes were customarily extended on the valuation as fixed by the local assessing officials to which, it is contended, the term "assessed valuation" was universally understood to refer.

It is obvious, of course, that the parties to the contract could not have foreseen the enactment of the Butler Law and its resulting effect upon the taxes to be assessed against the premises involved. However, to construe this lease as the defendant contends, it would be necessary to disregard the clear and unambiguous language of the instrument itself, and that we cannot do. As this court stated in Wm. J. Lemp Brewing Co. v. Ems Brewing Co., 7 Cir., 164 F.2d 290, 292: "The object of construction is to ascertain the intention which the parties have expressed in the language of their contract, and where there is no ambiguity in the terms used, the instrument itself is the only criterion of the intention of the parties." See also

Buchanan v. Swift, 7 Cir., 130 F.2d 483, 484–485; Domeyer v. O'Connell, 364 Ill. 467, 470, 4 N.E.2d 830, 108 A.L.R. 476.

Here the tax clause of the lease provides in unequivocal language that the lessee shall bear the cost of any additional taxes arising from an increase in the assessed valuation of the property over the valuations for certain base years; and the meaning of "assessed valuation" is explicitly stated to be the value "upon which taxes are extended." We may assume, of course, that when the lease was entered into "assessed valuation" was actually something less than full valuation, despite the fact that at all times here material the law of Illinois has directed that the full cash value of property shall be the assessed value for tax purposes. We may assume further that had the defendant foreseen the situation created by enactment of the Butler Law, it would not have agreed to the tax clause of the lease in its present form. Yet the language of that clause is clear and we cannot ascribe to it a meaning different from that which it so definitely expresses. The situation was thus analyzed succinctly in a memorandum filed by the court below:

> " 'Assessed valuation' as used in the contract of the parties is in my judgment unambiguous and affords no basis for looking beyond the terms of the contract for a meaning not expressed. A situation has arisen which undoubtedly was never contemplated by the parties, but 'assessed valuation' is a comparatively simple term and had the same meaning in 1926 and in 1938 as it has today and must be taken to mean the valuation basis upon which taxes are extended. A new method has now arisen for determining 'assessed valuation' over that existing in 1926, but the parties were without assurance that the method would remain the same as they are without assurance now that it will remain the same throughout the term of the lease as it is today."

In arriving at the defendant's liability for the years in question, the court below computed the difference between the valuation upon which taxes were extended and the valuation assessed for the 1927–1937 base periods, and applied to this remainder the relevant tax rate. This method of computation followed to the letter the formula prescribed in the tax clause of the lease. We conclude, therefore, that the judgment of the District Court was correct.

The judgment is

Affirmed.